ORCASITAS *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 21.—Decided March 7, 1907.

COMMERCIAL PARTNERSHIP—CAPACITY TO PERFORM ACTS OF OWNERSHIP—PUBLIC INSTRUMENTS.—Certificates issued by registrars of property are solemn public instruments which are admitted as authentic both in and out of court, and

where in such a document all the facts relating to the constitution and method of carrying on a commercial partnership appear, the legal capacity of such partnership to execute a voluntary mortgage cannot be ignored.

ID.—RIGHT TO USE PARTNERSHIP SIGNATURE.—Where it is provided in an instrument constituting a partnership that certain managing partners only may use the partnership signature in transactions of the firm, such provision cannot be construed to mean that they must all exercise that right together, but that they may only do so to the exclusion of the other partners.

The facts are stated in the opinion:

The appellant did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Pedro Orcasitas y Muñoz, as the attorney in fact of his mother, Mercedes Muñoz, the widow of Orcasitas, from a decision of the Registrar of Property of Caguas refusing to admit to record a voluntary mortgage deed.

By public deed executed in this city before Juan de Guzmán Benítez, a notary of the same, on March 10, 1905, Luis Passalacqua, as manager of a commercial firm doing business in Coamo under the style of Passalacqua Hermanos & Co., executed a voluntary mortgage deed, for the sum of $1,643, upon a rural estate belonging to him, in favor of Mercedes Muñoz, the widow of Orcasitas; and upon presentation of a copy of said deed for record in the Registry of Property of Caguas, together with a full certified copy of the articles of copartnership of the firm of Passalacqua Hermanos & Co., issued by the Registrar of Property of Ponce, as recorded in the commercial registry of said city under charge of said official, the Registrar of Caguas refused to record the deed in question on the grounds set forth in the decision at the foot thereof, which reads as follows:

"The record of the foregoing document is refused, and in lieu thereof a cautionary notice has been entered to have effect during one hundred and twenty days, at folios 132 and 145, reverse side, of volumes 156, duplicate, and 64 triplicate, record letters B, respectively, because a literal certificate of the record in the commercial

registry of Ponce of the articles of copartnership of said firm is not sufficient to establish the civil capacity of Luis Passalacqua, as managing partner of the mortgagor firm, inasmuch as such capacity must be governed by the respective by-laws or articles of copartnership of said firm, in order to permit of the classification of the contract the record of which is sought, in accordance with section 29 of the Civil Code, article 121 of the Code of Commerce, and the decision of January, 7, 1893, of the Direction of Registry and Notarial Offices of Madrid. Furthermore, according to the record in the commercial registry referred to, Julio and Luis Passalacqua are the managers of said commercial firm and they alone can use the firm name; these words seem to indicate that said managing partners must make use of the firm name jointly.—Caguas, July 18, 1906.''

Pedro Orcasitas y Muñoz, as attorney in .fact of his mother, Mercedes Muñoz, the widow' of Orcasitas, in due time took an appeal from said decision, seeking its reversal and praying that it be adjudged that the record sought be entered without further cost.

Certificates issued by the registrars of property of records from the commercial registries under their charge constitute public and formal documents which are considered authentic in and out of court; and, consequently, as the certificate issued by the Registrar of Property of Ponce of the articles of copartnership of the commercial firm of Passalacqua Hermanos & Co., recorded in the commercial registry under his charge, contains all the particulars relative to the constitution and mode of conducting said firm, the legal capacity of the latter to execute the voluntary mortgage in question cannot be ignored.

Said articles, in providing that only the managing partners, Julio and Luis Passalacqua shall have the right to make use of the firm name in the business of the concern, does not imply that they must make use of the signature jointly, as the registrar appears to believe, but means that they alone shall have the right to use the firm name to the exclusion of .all the other partners.

Therefore, as the legal capacity of the firm of Passalacqua, Hermanos &· Co., and the capacity of the managing partner, Luis Passalacqua, to enter into contracts in its name, has been established, the admission to record of said deed in the registry of property cannot be refused.

In view of articles 30 of the Code· of Commerce and 57 and 59 of the Regulations for the Organization and Government of Commercial Registries, the decision of the Registrar of Property of Caguas, placed at the foot of the deed referred to in this appeal, is reversed, he being instructed to record the same in accordance with the law. The documents presented are ordered to be returned to said registrar, together with a certified copy of this decision, for his information and other purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.